No. 6804.

### Mrs. Mary Sexton vs. M. O. Sullivan et al.

The Third District Court for the parish of Orleans having exclusive jurisdiction of all suits to enjoin proceedings in justices' courts, the Superior District Court was utterly without jurisdiction of such suits, and had no power to impair, or interfere in any way, with this exclusive jurisdiction of the Third District Court.

APPEAL from the Third District Court, parish of Orleans. *Monroe,* J.

*R. King Cutler* for plaintiff and appellant.

*J. C. Peirce* for defendant and appellee.

The opinion of the court was delivered by

Marr, J.   In November, 1875, John W. Price brought suit before the first justice of the peace for the parish of Orleans to eject his tenant, Mrs. Mary Sexton.

She set up in defense :

1. Want of jurisdiction, *ratione materiæ.*

2. That she deposited the promissory note of W. H. Waters for $2500, secured by mortgage, with Elder, agent of Price, and in September, 1874, contracted with him that she was to retain possession of

the premises, at a rent of $1000, payable by the year, until the amount of the note should be consumed and exhausted by the rent.

The judgment of the justice was in favor of Price. Mrs. Sexton took a suspensive appeal, which was dismissed, and she then took a devolutive appeal, pending which she obtained from the appellate tribunal, the Third District Court, an injunction prohibiting further proceedings on the judgment, on the same grounds, substantially, as set up in the suit before the justice.

The appeal was tried and judgment was rendered on the twenty-fifth of January, 1876, affirming the judgment of the justice of the peace. This judgment was suspended by a motion for a new trial, and it was signed on the ninth of March.

The injunction suit was also tried; and judgment was rendered on the twenty-third of February, dissolving the injunction with damages, and dismissing the suit. This judgment was also suspended by a motion for new trial; and it was signed on the fourteenth of March.

On the seventh of March Mrs. Sexton brought suit in the Superior District Court against the justice, M. O. Sullivan the constable, Price and Elder, his agent; and obtained an injunction prohibiting further proceedings in the suit of Price vs. Mrs. Sexton.

On the twenty-first of March Price filed an exception setting up—

1. Want of jurisdiction in the Superior District Court;

2. The plea of *res judicata*, by reason of the judgment of the Third District Court in the injunction suit;

3. That the petition sets forth no legal cause of action.

It seems that this exception was tried; and that it was dismissed on the twenty-ninth of April; and that in May an answer was filed reserving the benefit of the exception. Nevertheless, the record shows that on the third of July an agreement was signed by counsel for both parties fixing the exception for trial on the tenth of July: that it was continued by consent on the tenth; that it was taken under advisement on the eighteenth: that there were several subsequent continuances by consent, until, finally, the Superior District Court was abolished and the case was transferred to the Third District Court.

After several continuances in the Third District Court the exception was fixed, tried, and maintained; and a judgment was rendered dissolving the injunction with $100 damages, and dismissing the suit. A new trial was granted; and final judgment was rendered dissolving the injunction with $75 damages, and dismissing the suit; and Mrs. Sexton appealed from that judgment.

Under the constitution, article eighty-three, the acts of the Legislature, Revised Statutes of 1870, sections 2006, 2012, 2013; the act of 1870, called session, p. 2; and the act of 1872, extra session, No. 2, in

acts of 1873, p. 38, the Third District Court had exclusive jurisdiction of the appeal from the justice, and to enjoin, or to stay, by mandamus or prohibition, further proceedings on the judgment of the justice. The Superior District Court was absolutely without jurisdiction; and the judgment appealed from would be correct on that ground alone.

But the entire controversy was settled, so far as the ejection of the tenant was concerned, by the judgment of the justice, and that of the Third District Court, affirming that judgment; and by the judgment of the Third District Court dissolving the injunction and dismissing the original suit brought in that court. If the Superior District Court had been of competent jurisdiction, the plea of *res judicata* should have been maintained; and the suit dismissed.

The injunction was asked for and obtained in the Superior District Court on grounds which not only should have been but which actually were set up in the justice's court and in the Third District Court; and they had been passed upon definitively before the petition was filed in the Superior District Court.

This appeal is not taken from, nor does it bring under our review the judgment of the justice, nor that of the Third District Court affirming that judgment ; nor the judgment dissolving the injunction and dismissing the suit brought originally in the Third District Court. The justice may have erred, and the judge of the Third District Court may have erred. We do not mean to express any opinion as to the correctness of these judgments, because they are not included in this appeal; and they are final. They certainly did not fall within the jurisdiction or control of the Superior District Court; and the Third District Court, to which causes pending in the Superior District Court were transferred by the act abolishing the Superior District Court, acquired no greater authority in this case than the Superior District Court had; and that was, to dissolve the injunction which should not have been granted, and to dismiss the suit which should not have been brought.

The suit which is now or which lately was pending in the Sixth District Court, for arrears of rent claimed by Price of Mrs. Sexton, can have no effect upon the judgment ejecting Mrs. Sexton, which is final and conclusive.

We find no error in the judgment appealed from; and it is, therefore, affirmed with costs.